Eric D. Houser (SBN 130079)
Jeffrey S. Allison (SBN 173620)
J. Owen Campbell (SBN 229976)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
ocampbell@houser-law.com

Attorneys for Defendant
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert and Erlinda Turner,<br><br>                        Plaintiffs,<br><br>v.<br><br>Ocwen Loan Servicing, LLC and All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, and Does 1 through 30, inclusive,<br><br>                        Defendants. | Case No.: **3:08-cv-02610-BZ**<br><br>**OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: July 16, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom G, 15th Floor |

**TO THE COURT, PLAINTIFFS, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on July 16, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom G, 15th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its attorneys

of record herein, Houser & Allison, A Professional Corporation, will and hereby does move the Court to dismiss Plaintiffs Robert and Erlinda Turner's Complaint as follows:

1.   As to both Plaintiffs, Plaintiffs' first claim for relief for Set Aside Sale/Wrongful Foreclosure fails to state facts sufficient to constitute a claim for relief under FRCP 12(b)(6);

2.   As to both Plaintiffs, Plaintiffs' second claim for relief to Cancel Trustee's Deed fails to state facts sufficient to constitute a claim for relief under FRCP 12(b)(6);

3.   As to both Plaintiffs, Plaintiffs' fourth claim for relief of Fraud/Misrepresentation fails to state facts sufficient to constitute a claim for relief under FRCP 12(b)(6);

6.   As to both Plaintiffs, Plaintiffs' sixth claim for relief of Unfair Business Practices fails to state facts sufficient to constitute a claim for relief under FRCP 12(b)(6);

7.   As to both Plaintiffs, Plaintiffs' seventh claim for relief for Breach of Contract fails to state facts sufficient to constitute a claim for relief under FRCP12(b)(6);

8.   As to Plaintiff Erlinda Turner, Plaintiff's first claim for relief to Set Aside Sale/Wrongful Foreclosure fails to state facts sufficient to constitute a claim for relief under FRCP12(b)(6);

9. As to Plaintiff Erlinda Turner, Plaintiff's second claim for relief to Cancel Trustee's Deed fails to state facts sufficient to constitute a claim for relief under FRCP12(b)(6);

10. As to Plaintiff Erlinda Turner, Plaintiff's third claim for relief for Quiet Title fails to state facts sufficient to constitute a claim for relief under FRCP12(b)(6); and

11. As to Plaintiff Erlinda Turner, Plaintiff's fifth claim for relief for Accounting fails to state facts sufficient to constitute a claim for relief under FRCP12(b)(6).

The motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, and upon all papers and documents on file herein, together with those facts and documents of which the parties request judicial notice and/or matters of which judicial notice is proper, and any oral argument presented at the time of hearing.

Dated: June 2, 2008                           HOUSER & ALLISON
                                              A Professional Corporation

                                              By:  s/ Jeffrey S. Allison
                                                 Eric D. Houser
                                                 Jeffrey S. Allison
                                                 J. Owen Campbell
                                              Attorneys for Defendant
                                              OCWEN LOAN SERVICING, LLC

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...........................................................................................................1

II.     STANDARD ON MOTION TO DISMISS ...............................................................2

III.    PLAINTIFFS FAIL TO STATE A CLAIM FOR WRONGFUL .............................3

IV.     PLAINTIFFS' FRAUD CLAIM FAILS AND MUST BE DISMISSED ..................4

  A.    Plaintiffs' Fail To Allege Fraud With The Necessary Specificity..........................4

    1.    Plaintiffs Provide No Facts To Support An Inference Of .................................4

    2.    Plaintiffs Provide No Detail Of The Supposed Fraud .....................................7

  B.    Plaintiffs' Do Not Allege Any Action Taken By Plaintiffs In.................................8

V.      PLAINTIFFS FAIL TO STATE A CLAIM FOR UNFAIR BUSINESS ................9

VI.     PLAINTIFFS' BREACH OF CONTRCT CLAIM FAILS BECAUSE ..................10

VII.    THE FIRST, SECOND, THIRD, AND FIFTH CLAIMS FOR ............................11

VIII.   CONCLUSION............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (1968)...........................................................8

*Allen v. Wright*, 468 US 737, 752 (1984) .............................................................................12

*Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172, 1185 (citing 1 Witkin Summary of Cal. Law, Contracts §
   221, p.227 (9th ed. 1987).................................................................................................10

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) .......................................3

*Bell Atlantic Corp. v. Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007)................2

*Bennet v. Suncloud*, 56 Cal. App. 4th 91 (1997) ....................................................................9

*GN Mortgage Corp. v. Fidelity Nat'l Title Ins. Co.*, 21 Cal. App. 4th 1802, 1807-08 (1994)..............8

*Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782-783 (1994) ..............6

*Henry H. Cross Co. of California v. Prentice*, 137 Cal. App. 487, 500 (1934)..............................10

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995).......................................5

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)...........................3, 12

*In re U.S. Office Products Co. Sec. Litig.*, 251 F.Supp.2d 77 (D.D.C. 2003)................................6

*In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993)..............................................5

*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)...................................................5

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).................9

*Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)........................................3, 12

*Lujan v. Defenders of Wildlife*, 504 US 555, 560 (1992) ...............................................12

*Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155-56 (1991).................................9

*Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).......................................................3

*Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003).....................................................4

*Oesteicher v. Alienware Corp.*, --- F.Supp.2d ----, 2008 WL 906550 (N.D. Cal. 2008) ....................5

*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ...................................................2

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ................................2, 10

1

*Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990)..................................................................5

*Tarman v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)...........................5

*US v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ....................................................................12

*USA Certified Merchants, LLC v. Koebel*, 262 F.Supp.2d 319 (S.D.N.Y. 2003).........................5

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)..................................................2

*Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169-1170 (2002)................9

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Robert Turner was the borrower on a loan secured by a deed of trust on the real property located at 1 Appian Way #705-5, South San Francisco, California (the "Subject Property").  Plaintiff Erlinda Turner was neither the borrower nor an owner of the Subject Property.  Plaintiff Robert Turner defaulted on the loan, which resulted in the January 2008 foreclosure sale.  *See* Complaint ¶ 29.

Following the foreclosure sale, Plaintiffs have filed suit against Ocwen, alleging that Ocwen agreed not to foreclose pending its review of Plaintiffs' proposed short sale package.[1]  Plaintiffs' complaint contains claims for relief for: 1) Set Aside Sale/Wrongful Foreclosure; 2) To Cancel Trustee's Deed; 3) Quiet Title; 4) Fraud/Misrepresentation; 5) Accounting; 6) Unfair Business Practices; 7) Breach of Contract; and 8) Forcible Eviction – Illegal Lockout.

Ocwen moves to dismiss Plaintiffs' first, second, fourth, sixth, and seventh claims for relief.  Plaintiffs' allegations, if anything, amount to a claim for promissory estoppel, not fraud, unfair business practices, or breach of contract. Plaintiffs only allege that Ocwen promised it would not foreclose while it reviewed Plaintiffs' short sale package.  Plaintiffs allege no statutory

---

[1] A "short sale" is a term used in the mortgage industry to describe an arrangement whereby a lender accepts less than the full amount due to pay off the loan.

irregularities concerning the foreclosure, and their own allegations demonstrate that there was no new consideration or reliance to support contract, fraud, or unfair business practice claims.

## II.    STANDARD ON MOTION TO DISMISS

A motion to dismiss based upon Fed Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In considering a motion pursuant to FRCP 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Additionally, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III.  PLAINTIFFS FAIL TO STATE A CLAIM FOR WRONGFUL FORECLOSURE AND TO CANCEL TRUSTEE'S DEED BECAUSE THEY ALLEGE NO STATUORY IRREGULARITIES IN THE FORECLOSURE PROCESS

Plaintiffs allege claims for wrongful foreclosure and to set aside the trustee's sale as their first and second claims for relief. The factual allegations and basis for each claim is the same, but Plaintiffs do not allege that any of the statutory procedures for foreclosure and trustee's sale were violated, or that the loan was not in default.

California Civil Code sections 2924 through 2924k "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). The purposes of this comprehensive framework are: "(1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from

wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003) (citing *Moeller*, 25 Cal. App. 4th at 830).   Where there are prejudicial violations of this framework, an aggrieved party may bring an action to attack the sale.

Here, Plaintiffs do not allege any violations of proper foreclosure procedures.   While Plaintiffs cite boilerplate language in paragraph 15 their complaint that "the presale procedures were invalid" and that "the sale procedures were improper," but nowhere in the complaint to Plaintiffs allege any factual or other basis for these conclusory legal statements.   Therefore, Plaintiffs' first and second claims, for wrongful foreclosure and to set aside the trustee's sale, must be dismissed.

## IV.    PLAINTIFFS' FRAUD CLAIM FAILS AND MUST BE DISMISSED

### A.    Plaintiffs' Fail To Allege Fraud With The Necessary Specificity

#### 1.    Plaintiffs Provide No Facts To Support An Inference Of Scienter

Plaintiffs allege a claim for fraud in a promissory estoppel situation, but allege no facts to support that claim.   Federal and California law dictate that claims for fraud must be pled with particularity.   *See* FRCP 9(b); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990).   "The pleadings must state precisely the time, place, and nature of the misleading statements, misrepresentations, and

4

specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Plaintiffs must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc).

Moreover, to state a viable claim for misrepresentation, a plaintiff must show that the defendant did not intend to perform the promises at the time they were made. *Tarman v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).    "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  Although the pleading requirement as to the scienter element of fraud is less rigorous under FRCP 9(b), a plaintiff still has the obligation to "set forth facts from which an inference of scienter could be drawn." *Oesteicher v. Alienware Corp.*, --- F.Supp.2d ----, 2008 WL 906550 (N.D. Cal. 2008) (citing *Cooper v. Picket*, 137 F.3d 616, 628 (9th Cir. 1997)).  That is, a plaintiff cannot merely restate a breach of contract claim as fraud by adding an unsupported allegation of intent. *See USA Certified Merchants, LLC v. Koebel*, 262 F.Supp.2d 319 (S.D.N.Y. 2003) ("plaintiffs must nonetheless provide some factual basis for conclusory allegations of intent; furthermore, these factual allegations must give rise to a strong inference that defendants possessed the requisite fraudulent intent"); *In re U.S. Office Products Co. Sec. Litig.*, 251 F.Supp.2d 77 (D.D.C. 2003) ("Merely alleging that the

defendant lacked a basis in fact is a conclusory assertion and is therefore insufficient to state fraud claim; rather, the complaint must allege facts demonstrating why there is a lack of basis in fact.").

Here, Plaintiffs simply recast their breach of contract and wrongful foreclosure claims as a fraud/misrepresentation claim, and add conclusory allegations that "When defendants . . . made these representations, they either knew them to be false or had no reasonable grounds for believing that the representations were true," and "Defendants . . . made the representations with the intent to defraud, mislead, and/or induce plaintiffs into forfeiting their home." *See* Complaint ¶¶ 32-33.   Taking a potential promissory estoppel claim and adding conclusory allegations that defendants never intended to keep their part of the contract does not state a claim for fraud.  *See Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782-783 (1994) ("[Plaintiff] has done nothing more than recast her negligence and products liability claims – that the implants were negligently and defectively made and distributed – in the traditional words of fraud, without any supporting facts.   That simply is not enough.").

Plaintiffs' conclusory allegation that defendants did not intend to keep their promise at the time it was made fails as a matter of law because Plaintiffs have provided no factual basis for this inference.   If Plaintiffs' fraud claim is permitted to stand as pled – without any facts or any inference of fraud – then

every breach of contract or promissory estoppel claim also can be restated a fraud claim, without any basis at all. Plaintiffs' claim must be dismissed with prejudice.

### 2.    Plaintiffs Provide No Detail Of The Supposed Fraud

Plaintiffs fail to make even the basic allegations of fraud with requisite particularity. Plaintiffs must plead facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield*, 220 Cal. App. 3d at 73. To assert fraud against a corporation, a plaintiff must also allege the names of the person or persons who allegedly made the fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Tarman*, 2 Cal. App. 4th at 155.

Here, Plaintiffs never state who from Ocwen they spoke to on the telephone. *See* Complaint ¶¶ 27-34. Nor do they allege that person's authority to speak for Ocwen. Plaintiffs do not allege with specificity when the supposed promise not to foreclose was made. *See* Complaint ¶ 29 ("early January 2008").

Most importantly, Plaintiffs do not allege which Plaintiff, if any, spoke with Ocwen and heard the alleged misrepresentation. This is extremely important, since the complaint seems to imply that all relevant conversations may have taken place between Plaintiffs' real estate agent and Ocwen, without Plaintiffs being involved in any of the conversations. Ocwen is not properly apprised of the claims against it where Plaintiffs do not even plead whether one

of the Plaintiffs or another person was the recipient of the supposed promise not to foreclose.

**B.     Plaintiffs' Do Not Allege Any Action Taken By Plaintiffs In Reliance On Ocwen's Supposed Representations That Caused Plaintiffs' Damages**

An essential element of Plaintiffs' fraud/misrepresentation claim is reliance on the representation and resulting damages. *Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (1968). The alleged misrepresentation must be the proximate cause of any damages. *GN Mortgage Corp. v. Fidelity Nat'l Title Ins. Co.*, 21 Cal. App. 4th 1802, 1807-08 (1994).

Here, Plaintiffs' complaint simply alleges that "Ocwen was informed that the January 2008 payment would not be forthcoming," that an unidentified representative of Ocwen told an unidentified person that a foreclosure would not take place while a short sale was being reviewed, and that "in reliance of Ocwen's statements, the short-sale package was completed and submitted to Ocwen." *See* Complaint ¶¶ 28-30. Plaintiffs never allege that they failed to make payment to Ocwen based on any representations of Ocwen. Rather, they allege "Ocwen was informed that the January 2008 payment would not be forthcoming." That is, Plaintiffs were not going to make their payment regardless of any representations by Ocwen. Since failure to make payments on a loan secured by deed of trust results in foreclosure, Plaintiffs have not alleged

that their reliance on any purported statements by Ocwen caused them injury.

For this reason, Plaintiffs claim for fraud must be dismissed.

## V.    PLAINTIFFS FAIL TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICES

Like fraud, violations of California Business and Professions Code section 17200 must be pled with particularity. "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation [under 17200]." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *see Bennet v. Suncloud*, 56 Cal. App. 4th 91 (1997) (dismissing unfair competition claim where not stated with specificity).

In order for the act to be deemed "unlawful," it must be shown that it is a "business practice and that at the same time is forbidden by law." *Khoury*, 14 Cal. App. 4th at 619; *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169-1170 (2002). Unfair business practices under Section 17200 applies to ongoing conduct. *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1155-56 (1991).

Here, Plaintiffs plead no clear factual allegations in support of their claim for relief for unfair business practices. *See* Complaint ¶¶ 37-40. Again, the Court need not accept Plaintiffs' unwarranted speculation. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiffs are again, as with their fraud claim, trying to turn a promissory estoppel action into something that

it is not.   Because Plaintiffs fail to plead their sixth claim for relief with particularity, and plead no facts to support any of their conclusory and speculative allegations, this claim must be dismissed.

## VI.   PLAINTIFFS' BREACH OF CONTRCT CLAIM FAILS BECAUSE THEY ALLEGE NO NEW CONSIDERATION FOR ANY ALLEGED CONTRACT

Plaintiffs' seventh claim, for breach of contract, fails because Plaintiffs allege no new consideration to support any alleged contract not to foreclose.  A commitment to perform a preexisting contractual obligation is not consideration for a new contract.  "In contractual parlance, for example, doing or promising to do something one is already legally bound to do cannot constitute the consideration needed to support a binding contract." *Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172, 1185 (citing 1 Witkin Summary of Cal. Law, Contracts § 221, p.227 (9th ed. 1987)).   California courts have long held and established that "the payment by a debtor of a part of his indebtedness furnishes no consideration for an agreement."   *Henry H. Cross Co. of California v. Prentice*, 137 Cal. App. 487, 500 (1934).

Here, Plaintiffs do not allege any consideration for the alleged promise from Ocwen to postpone foreclosure pending review of Plaintiffs' short sale package.   The Complaint asserts: "Defendants agreed to stop foreclosure in consideration for Plaintiff providing a Buyer for the Property, saving Ocwen

considerable time and money." *See* Complaint ¶ 42. But just calling something consideration does not make it so. Plaintiff Robert Turner was already obligated to repay the loan. As explained in footnote 1, above, a short sale is simply a method by which a lender agrees to take less than the full amount owed to satisfy the loan. Any amount tendered via short sale is nothing more than payment on the debt already owed by the borrower. Doing something one is already legally bound to do cannot constitute the consideration needed to support a binding contract. *Auerbach*, 74 Cal. App. 4th at 1185. Because there was no consideration for any alleged promise, there cannot have been a contract. Therefore, Plaintiffs' claim for breach of contract must be dismissed.[2]

## VII. THE FIRST, SECOND, THIRD, AND FIFTH CLAIMS FOR RELIEF AS ALLEGED BY PLAINTIFF ERLINDA TURNER MUST BE DISMISSED BECAUSE SHE WAS NOT A BORROWER OR THE OWNER OF THE SUBJECT PROPERTY

Plaintiff Erlinda Turner is only alleged to be an occupant of the Subject Property. *See* Complaint ¶1. Further, documents of which the Court may take

---

[2] At most, Plaintiffs are attempting to assert a claim for promissory estoppel. However, even for a promissory estoppel claim, detrimental reliance is necessary. Here, as explained above in section IV.B., Plaintiffs do not allege any reliance on the alleged promise. *See* Complaint ¶¶ 28-30. Plaintiffs allege that they had already told Ocwen they were not going to make payments on the loan. The complaint does not allege Plaintiffs were ready, willing, and able to make their loan payments, but for the alleged promise.

judicial notice show that she was neither a borrower nor an owner of the Subject Property. A court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court may consider these items without converting a 12(b)(6) motion into a motion for summary judgment. *US v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Here, the deed of trust securing the Subject Property identifies the borrower as "Robert Turner, A Married Man." *See* Request for Judicial Notice ("RJN") Ex. 1. The trustee's deed upon sale identifies the owner of the Subject Property prior to the trustee's sale as "Robert Turner, A Married Man, As His Sole And Separate Property." *See* RJN Ex. 2.

In federal courts, standing is a critically important jurisdictional limitation. It is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 US 555, 560 (1992). The Court must determine "whether the *particular plaintiff* is entitled to an adjudication of the *particular claims asserted*." *Allen v. Wright*, 468 US 737, 752 (1984) (emphasis added).

Here, Plaintiff Erlinda Turner was neither a borrower on the loan nor an owner of the Subject Property. Therefore, having no interest in title to the property, her first, second, third, and fifth claims for relief – to set aside

1  sale/wrongful foreclosure, to cancel trustee's deed, quiet title, and for accounting,

2  respectively – necessarily fail.   Therefore, these claims by Plaintiff Erlinda

3  Turner must be dismissed with prejudice.

4
5  **VIII.  CONCLUSION**

6       Plaintiffs do not allege any irregularities in the foreclosure or sale process,

7  and therefore state no claims for relief for wrongful foreclosure or to cancel the

8
9  trustee's deed upon sale.  Plaintiffs cannot simply re-allege a breach of contract

10  claim with a few conclusory statements, but without any of the necessary factual

11  allegations, to state fraud and unfair business practices claims.  Therefore, these

12
13  claims must be dismissed.  Plaintiffs' breach of contract claim also fails, as

14  Plaintiffs allege no consideration for the alleged promise.   Further, Plaintiff

15  Erlinda Turner was not a borrower and did not have title to the property, and

16
17  therefore cannot seek relief to set aside sale/wrongful foreclosure, to cancel

18  trustee's deed, quiet title, or for accounting, and her claims must be dismissed.

19  Dated:  June 2, 2008                         HOUSER & ALLISON

20                                               A Professional Corporation

21

22                                               By:  /s/Jeffrey S. Allison
                                                      Eric D. Houser
23                                                    Jeffrey S. Allison
                                                      J. Owen Campbell
24                                               Attorneys for Defendant
25                                               OCWEN LOAN SERVICING, LLC

26

27

28
                                       13

1  Eric D. Houser (SBN 130079)
   J. Owen Campbell (SBN 229976)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, California 92618
4  Telephone: (949) 679-1111
   Facsimile: (949) 679-1112
5  ocampbell@houser-law.com

6  Attorneys for Defendant
   Ocwen Loan Servicing, LLC
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 Robert and Erlinda Turner,            )  Case No.: **3:08-cv-02610-BZ**
                                         )
12               Plaintiffs,             )  **[PROPOSED] ORDER GRANTING**
                                         )  **OCWEN LOAN SERVICING,**
13 v.                                    )  **LLC'S MOTION TO DISMISS**
                                         )
14 Ocwen Loan Servicing, LLC and All     )  Hearing Date: July 16, 2008
   Persons Unknown, Claiming Any Legal   )  Hearing Time: 10:00 a.m.
15 or Equitable Right, Title, Estate, Lien, ) Courtroom G, 15th Floor
   or Interest in the Property Described in )
16 the Complaint Adverse to Plaintiff's  )
   Title, or Any Cloud on Plaintiff's Title )
17 Thereto, and Does 1 through 30,       )
   inclusive,                            )
18                                       )
                 Defendants.             )
19                                       )

20      Defendant's Motion to Dismiss Complaint came before this Court for

21 hearing May 23, 2008.  Upon consideration of all written submissions and oral

22 argument, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

23

24      The Court grants the motion on the following bases:

25      1.      First and Second claims for relief: Plaintiffs do not allege that any of

26 the statutory procedures for foreclosure and trustee's sale were violated, or that

27

28
─────────────────────────────────────────────
               **ORDER GRANTING MOTION TO DISMISS**
                              1
I:\CIVIL\OCWEN\Turner (44536)\pldg\motion dismiss - order.doc

the loan was not in default. *See* California Civil Code §§ 2924 – 2924k; *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994); *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003).    Therefore, Plaintiffs' first and second claims, for wrongful foreclosure and to set aside the trustee's sale, must be dismissed.

2.    Fourth claim for relief: Federal and California law dictate that claims for fraud must be pled with particularity. *See* FRCP 9(b); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990).    A plaintiff cannot merely restate a breach of contract claim as fraud by adding an unsupported allegation of intent. *See Oesteicher v. Alienware Corp.*, --- F.Supp.2d ----, 2008 WL 906550 (N.D. Cal. 2008); *Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782-783 (1994); *USA Certified Merchants, LLC v. Koebel*, 262 F.Supp.2d 319 (S.D.N.Y. 2003); *In re U.S. Office Products Co. Sec. Litig.*, 251 F.Supp.2d 77 (D.D.C. 2003).

Plaintiffs do not state who from Ocwen they spoke to on the telephone. *See* Complaint ¶¶ 27-34.    Nor do they allege that person's authority to speak for Ocwen.    Plaintiffs do not allege which Plaintiff, if any, spoke with Ocwen and heard the alleged misrepresentation.

Plaintiffs do not allege that they failed to make payment to Ocwen based on any representations of Ocwen.    An essential element of Plaintiffs' fraud/misrepresentation claim is reliance on the representation and resulting damages. *Ach v. Finkelstein*, 264 Cal. App. 2d 667, 674 (1968); *GN Mortgage*

*Corp. v. Fidelity Nat'l Title Ins. Co.*, 21 Cal. App. 4th 1802, 1807-08 (1994).

Plaintiffs' fourth claim is dismissed.

      3.     Sixth claim for relief: Plaintiffs do not plead their sixth claim for relief with particularity, and plead no facts to support any of their conclusory and speculative allegations.  Like fraud, violations of California Business and Professions Code section 17200 must be pled with particularity.  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *Bennet v. Suncloud*, 56 Cal. App. 4th 91 (1997).  The Court need not accept Plaintiffs' speculation. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  This claim must be dismissed.

      4.     Seventh claim for relief: A commitment to perform a preexisting contractual obligation is not consideration for a new contract.  *Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172, 1185.  "The payment by a debtor of a part of his indebtedness furnishes no consideration for an agreement."  *Henry H. Cross Co. of California v. Prentice*, 137 Cal. App. 487, 500 (1934).  Any amount tendered via short sale is nothing more than payment on the debt already owed by the borrower.  Because there was no consideration for any alleged promise, there cannot have been a contract.  Therefore, Plaintiffs' claim for breach of contract must be dismissed.

      5.     First, Second, Third, and Fifth claims for relief, as to Plaintiff Erlinda Turner: Plaintiff Erlinda Turner was neither a borrower on the loan nor

1  an owner of the Subject Property.  Therefore, having no interest in title to the

2  property, her first, second, third, and fifth claims for relief – to set aside

3

4  sale/wrongful foreclosure, to cancel trustee's deed, quiet title, and for accounting,

5  respectively – necessarily fail.  Therefore, these claims by Plaintiff Erlinda

6  Turner must be dismissed with prejudice.

7

8         For the foregoing reasons, Defendant's motion to dismiss is GRANTED,

9  and Plaintiffs' claims for relief as set forth above are hereby DISMISSED WITH

10  PREJUDICE.

11         IT IS SO ORDERED.

12

13

14  Date: _____      _____

15                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**ORDER GRANTING MOTION TO DISMISS**

4