Eric D. Houser (SBN 130079)
Jeffrey S. Allison (173620)
J. Owen Campbell (SBN 229976)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
ocampbell@houser-law.com

Attorneys for Defendant
Ocwen Loan Servicing, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert and Erlinda Turner,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Ocwen Loan Servicing, LLC and All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto, and Does 1 through 30, inclusive,<br><br>　　　　　Defendants. | Case No.: **3:08-cv-02610-BZ**<br><br>**OCWEN LOAN SERVICING, LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT; MEMORANDM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: July 16, 2008<br>Hearing Time: 10:00 a.m.<br>Courtroom G, 15th Floor |

**TO THE COURT, PLAINTIFFS, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on July 16, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom G, 15th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its attorneys

---
OCWEN'S MOTION TO STRIKE PORTIONS OF COMPLAINT
1

of record herein, Houser & Allison, A Professional Corporation, will and hereby does move the Court to strike portions of Plaintiffs Robert and Erlinda Turner's Complaint, pursuant to FRCP 12(f), as follows:

1. The prayer for attorneys' fees in paragraph 40 of the complaint;

2. The prayer for punitive damages in paragraph 57; and

3. The prayer for attorneys' fees in paragraph 58.

The motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, and upon all papers and documents on file herein, together with those facts and documents of which the parties request judicial notice and/or matters of which judicial notice is proper, and any oral argument presented at the time of hearing.

Dated: June 2, 2008                HOUSER & ALLISON
                                   A Professional Corporation


                                   By: /s/ Jeffrey S. Allison
                                       Eric D. Houser
                                       Jeffrey S. Allison
                                       J. Owen Campbell
                                   Attorneys for Defendant
                                   OCWEN LOAN SERVICING, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading any redundant, immaterial, impertinent, or scandalous matter. The function of a Rule 12(f) motion is to avoid the time and expense of litigating spurious issues. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Wilkerson v. Butler,* 229 F.R.D. 166, 172 (C.D. Cal. 2005) (recognizing prayers for punitive damages or for attorney's fees, in actions where they are not recoverable as a matter of law, are susceptible to a motion to strike); *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559 (8th Cir. 1974). This motion to strike is directed to plaintiffs' prayer for punitive damages and attorneys' fees.

As set forth in the motion to dismiss filed concurrently with this motion, Plaintiffs have failed to properly allege claims for fraud or unfair business practices, and the complaint fails to allege oppression, fraud, or malice. Therefore, Plaintiffs' references and requests to punitive damages and attorneys' fees should be stricken.

## II. REQUESTS FOR PUNITIVE DAMAGES MUST BE STRICKEN

### A. Plaintiffs Plead No Basis For Punitive Damages

Punitive damages are only permitted "where defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. For an award of punitive damages, a plaintiff must plead the facts of a defendant's oppression, fraud, or malice. *Cyrus v. Havision*, 65 Cal. App. 3d 306, 316-317 (1976); *Toole v. Richardson-Merrell, Inc.*, 251 Cal. App. 2d 689, 711 (1967).

A complaint cannot simply allege oppression fraud or malice without support. Specific facts must be pled to show that a defendant's acts amounted to oppression, fraud, or malice. *Hilliard v. A.H. Robins Co.*, 148 Cal. App. 3d 374, 392 (1983). That is, a prayer for punitive damages may not be based on conclusory allegations. *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 29 (1975). A prayer for punitive damages that is not based upon sufficient factual allegations must be stricken. *See Faulkner v. California Toll Bridge Authority*, 40 Cal. 2d 317, 319 (1952).

Here, as is set forth in Ocwen's motion to dismiss, Plaintiffs have failed to allege any facts sufficient to give rise to an inference of fraud. Plaintiffs have not alleged any facts showing oppression, fraud, or malice on the part of Ocwen. Plaintiffs simply allege a claim for fraud that is nothing more than their breach of contract claim, with conclusory allegations that defendants did not intend to keep their part of the contract. This is insufficient.

B. **There Are No Allegations Any Alleged Oppression, Fraud, Or Malice Purportedly Was Committed By An Officer, Director, Or Managing Agent**

"With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Here, Plaintiffs do not allege any details of fraud, such as who acted for Ocwen, or which Plaintiff, if any, spoke with the unidentified representative of Ocwen. Plaintiffs do not allege any supposed misrepresentation was known of, ratified, or committed by an officer, director, or managing agent of Ocwen. Therefore, Plaintiffs' prayer for punitive damages must be stricken.

III. **PLAINTIFFS' PRAYER FOR ATTORNEYS' FEES MUST BE STRICKEN BECAUSE PLAINTIFFS' CLAIM FOR UNFAIR BUSINESS PRACTICES FAILS**

As set forth in Ocwen's motion to dismiss, violations of California Business and Professions Code section 17200 must be pled with particularity. "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation [under 17200]." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *see Bennet v. Suncloud*, 56

---
OCWEN'S MOTION TO STRIKE PORTIONS OF COMPLAINT
5

I:\CIVIL\OCWEN\Turner (44536)\pldg\motion strike.doc

Cal. App. 4th 91 (1997) (dismissing unfair competition claim where not stated with specificity).

Plaintiffs plead no clear factual allegations in support of their claim for relief for unfair business practices. *See* Complaint ¶¶ 37-40. The Court need not accept Plaintiffs' unwarranted speculation. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiffs fail to plead their sixth claim for relief with particularity, and plead no facts to support any of their conclusory and speculative allegations, their claim must be dismissed and their prayer for attorneys' fees must be stricken.

## IV. CONCLUSION

Because Plaintiffs have no basis to seek punitive damages or attorneys' fees, all such prayers and references in the Complaint should be stricken.

Dated: June 2, 2008

HOUSER & ALLISON
A Professional Corporation

By: _____
Eric D. Houser
J. Owen Campbell
Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

---

OCWEN'S MOTION TO STRIKE PORTIONS OF COMPLAINT
6

I:\CIVIL\OCWEN\Turner (44536)\pldg\motion strike.doc